# EXHIBIT A

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

rserio@gibsondunn.com

June 26, 2007

Direct Dial
(212) 351-3917

Fax No.
(212) 351-5246

Client No.
T 94625-00001

BY FACSIMILE

Honorable Colleen McMahon
United States District Judge
United States Courthouse
300 Quarropas Street, Room 533
White Plains, New York 10601-4150

Re:   In re Veeco Instruments Inc. Sec. Litig., No. 7:05-MD-01695 (CM)(GAY)

Dear Judge McMahon:

I am counsel for Defendants in the above-referenced action. I write in response to the letter of today from Ms. Broderick, counsel for Plaintiffs, in which she requested that "Plaintiff's and Defendants' trial exhibits, all deposition transcripts, the preliminary and supplemental reports of Plaintiff's accounting and auditing expert witness Robert W. Berliner and the statement of Plaintiff's contentions contained in the pretrial order be removed from the protection of" the Stipulated Protective Order, dated May 16, 2006, entered in this action.

Plaintiffs' sole basis for this request is that "[i]t appears . . . that Defendants intend to support their defense by pointing to the fact that the SEC did not bring a proceeding against Defendants after raising questions about the restatements." See Broderick June 26 letter, at 1. We have not made any such decision at this point. Plaintiffs do not dispute the fact that after an initial investigation into Veeco's restatement of its first, second and third quarter 2004 financials, the SEC chose not to take any further action against Veeco. Instead, on the eve of trial and with the realization of how harmful this fact is to their case, Plaintiffs seek to *change* this fact. Essentially, Plaintiffs are hoping to make a last ditch effort – through the use of their own slanted fact contentions and the equally slanted expert reports of Mr. Berliner – to change the SEC's mind.

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  BRUSSELS  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

## GIBSON, DUNN & CRUTCHER LLP

Honorable Colleen McMahon
June 26, 2007
Page 2

The fact of the matter is that there is nothing in the Stipulated Protective Order which restrains the SEC from looking into whatever issues it wishes to look into at Veeco, including by way of document requests for the very documents and deposition transcripts Plaintiffs seek to have removed from the Stipulated Protective Order. Veeco has at all times fully cooperated with the SEC, and will of course continue to do so. Plaintiffs' request implies not only that the SEC is somehow not capable of making determinations on its own as to whether a particular issue requires further investigation or enforcement action, but that it is proper for a self-interested Plaintiffs' counsel to goad the agency into action it has *already decided not to take* not merely with documents and testimony, but with its own self-serving characterizations of the same. Neither is the case.

In the summer of 2005, the SEC investigated Veeco's restatement of its financials for the first three quarters of 2004, made inquiries with Veeco management regarding the particulars of the restatement, and came to the conclusion, in a letter dated December 22, 2005, that no further action needed to be taken. The SEC came to this conclusion not as a result of "ignorance," as Plaintiffs claim, but as the result of reasoned analysis. Furthermore, Plaintiffs' suggestion that it would be proper for them to seek to use "Mr. Berliner['s] access to SEC personnel" – in other words, using a person paid by Plaintiffs as their purported expert – to influence the government's decision solely for the benefit of Plaintiffs' case in the upcoming trial, and to present the SEC with its own selective summaries of documents and testimony, is beyond the pale.

More importantly, "[i]t is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (quoting *S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001)). Thus, it is well established that "[o]nce a court enters a protective order and the parties rely on that order, it cannot be modified 'absent a showing of improvidence in the grant' of the order or 'some extraordinary circumstance or compelling need.'" *Id.* (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)).

Plaintiffs have established no "extraordinary circumstance" and no "compelling need" in this case. To the contrary, such a need remains for keeping the protective order *in place*. The parties are still in dispute as to the admissibility of various exhibits and testimony on each other's exhibit and deposition designation lists. Indeed, there is likely to be a substantial number of documents and deposition designations on these lists that will not be offered, let alone admitted, at trial. Thus, blanket disclosure of all of these documents at this time would be unnecessarily overinclusive. Defendants are more than willing to stipulate that any exhibits or testimony introduced by either party at trial shall, thereafter, no longer be subject to the Stipulated Protective Order. This should fully address the concerns raised by Plaintiffs.

Indeed, beyond ensuring that the SEC will ultimately have access to the evidence admitted at trial, Plaintiffs can point to no "need" whatsoever for removal of the requested items from the Stipulated Protective Order, much less a "compelling" one. The order provides for

## GIBSON, DUNN & CRUTCHER LLP

Honorable Colleen McMahon
June 26, 2007
Page 3

*unlimited* access to the covered documents by all parties, counsel, experts, third party contractors, and court personnel, and in no way hamstrings Plaintiffs' ability to prove their case. Again, the only urgency is in Plaintiffs' misguided and last ditch hope that the SEC – a competent and diligent government agency which takes its enforcement duties very seriously – will give credence to Plaintiffs' slanted view of the facts of this case (as embodied in both Plaintiffs' fact contentions and the expert reports of Mr. Berliner), and reverse its decision – made *over eighteen months* ago – to take no action against Veeco; and more importantly, that (with the help of Mr. Berliner's "access") the SEC will reverse this decision in advance of trial, so that Plaintiffs can avoid the harsh truth of the implication inherent within it (*i.e.*, that Defendants did nothing improper). There could hardly be a less "compelling" basis for modifying the Stipulated Protective Order upon which all parties have "reasonably relied" throughout discovery in this case. *See generally AT & T Corp.*, 407 F.3d at 562. This last minute desperation attempt to use questionable means of access to the SEC should be rejected.

For all these reasons, we respectfully request that Your Honor deny Plaintiffs request to remove the specified documents from the Stipulated Protective Order.

Respectfully submitted,

Robert F. Serio   /DPH

RFS/dph

cc:   Sherrie R. Savett, Esq.
      Carole Broderick, Esq.
      Arthur Stock, Esq.
      Robert I. Harwood, Esq.