UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE VEECO INSTRUMENTS INC.  :  05 MD 1695 (CM) (GAY)
SECURITIES LITIGATION         :
                              :
------------------------------------------------------------x
                              :
THIS DOCUMENT RELATES TO:     :  **PRETRIAL ORDER**
SECURITIES LITIGATION         :
                              :
------------------------------------------------------------x

      The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

## I.    NATURE OF THE CASE

      After conferring, the parties have been unable to agree upon a joint statement of the nature of the case. The following are each party's submissions in this regard:

### A.    Plaintiffs' Submission

      This is a securities class action, brought on behalf on investors in the securities of Veeco Instruments, Inc. ("Veeco"). The Court's jurisdiction is founded on Section 27 of the Exchange Act, 15 U.S.C. § 78aa, Section 22 of the Securities Act, 15 U.S.C. § 77v, 28 U.S.C. §§ 1331 and 1337, and principles of supplemental jurisdiction, 28 U.S.C. § 1367.

      By Order of the Court, dated March 21, 2006, the certified class of Plaintiffs consists of:

> **All persons who purchased the securities of Veeco Instruments, Inc., during the period from April 26, 2004 through February 10, 2005 inclusive (the "Class Period"), and were damaged as a result thereof. Excluded from the Class are the defendants, members of the immediate family of each of the Individual Defendants, any parent, subsidiary, affiliate, officer or director of defendant Veeco,**

> any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors, and assigns of any excluded person.

The Court also certified the Lead Plaintiff Steelworkers Pension Trust as the Class Representative and Berger & Montague as Lead Counsel for the Class. Plaintiffs' assert claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, promulgated thereunder, against Veeco, Veeco's Chairman and Chief Executive Officer Edward H. Braun, Veeco's Executive Vice President and Chief Financial Officer John F. Rein, Jr., Veeco's Vice President of Finance and Corporate Controller John P. Kiernan, and R.. Michael Weiss, Vice President and General Manager of Veeco's Asia Pacific Region. Plaintiffs allege that Defendants disseminated a series of false and misleading statements during the Class Period, including false financial statements and other false statements contained within periodic filings, false Sarbanes-Oxley certifications, false statements in press releases and false statements during investor conference calls.

Plaintiffs allege that these false and misleading statements were relied upon by the members of the Class when making their investment decisions, and these false and misleading statements caused the prices of Veeco's stock to be artificially inflated during the Class Period. Before the market opened on February 11, 2005, Veeco issued a press release announcing that it would postpone the release of audited results for the 2004 fourth quarter and full year pending completion of an internal investigation of improper accounting transactions at its TurboDisc division which Veeco had acquired from Emcore in November 2003. The Company stated that the investigation focused principally on the value of inventory, accounts payable and certain liabilities, as well as certain revenue transactions of TurboDisc. In addition, Veeco indicated that it expected that this investigation would lead to adjustments requiring the restatement of the

financial statements previously issued for the quarterly periods and nine months ended September 2004, and that they expected to complete the investigation and to file the financials by March 16, 2005. The Company stated that it expected that the restatement would reduce Veeco's pretax earnings for the nine months ending September 30, 2004 by between $5.5 and $7.5 million. Following this announcement, shares of Veeco fell $1..90 per share, or 10.07 percent, from $18.86 at the close of trading on February 10, 2005, to $16.96 per share at the close of trading on February 11, 2005, on unusually high trading volume of 5.7 million shares, seven times the previous day's trading volume, thereby damaging Lead Plaintiff and the Class.

In the weeks following the disclosure, the price of Veeco stock continued to slide, falling to $13.97 at the close of trading on March 15, 2005.

On March 16, 2005, the Company announced that it had completed its internal investigation and had determined that its previously issued financial statements were required to be restated to decrease pre-tax earnings by $10.2 million for the first three quarters of 2004: specifically $2.8 million, $4.3 million and $3.1 million for the three month periods ended March 31, 2004, June 30, 2004 and September 30, 2004, respectively. The Company attributed the restatement to the actions of a "single individual at TurboDisc whose employment had been terminated."

On April 1, 2005, the company issued the restatement of its previously reported quarterly financial information for the first three quarters of 2004 that was contained in its Forms 10-Q for the quarterly periods ended March 31, 2004, June 30, 2004, and September 30, 2004, by filing a "Form 10-Q/A (Amended Quarterly Report)" for each of those three periods.

Plaintiffs allege that Defendants acted with scienter in that they acted knowingly and/or recklessly when issuing their false and misleading statements during the Class Period. Plaintiffs

3

allege that Defendants refused to see the obvious or investigate the doubtful and that their conduct was highly unreasonable and represented an extreme departure from the standards of ordinary care by (a) issuing financial statements for each of the first three quarters of 2004 that failed to present fairly, in all material respects, Veeco's financial condition, results of operations and cash flows, (b) failing, on a timely basis, to disclose publicly that the above mentioned financial statements could no longer be relied upon and to restate such financial statements (c) misstating sales and gross margins of Veeco and its business segments, including the TurboDisc division, in Management's Discussion and Analysis of Financial Condition and Results of Operations in Veeco's Forms 10-Q for the first three quarters of 2004 (d) making other false statements within Veeco's periodic filings, as well as within press releases and during investor conference calls and (e) falsely representing to investors that the Veeco's Forms 10-Q contained only the financial results for calendar quarters ending March 31, 2004, June 30, 2004 and September 30, 2004. In addition, Plaintiffs allege that Defendants Braun and Rein acted with scienter when signing false certifications about Veeco's financial statements and in providing other financial information, its disclosure controls and procedures, and its internal control over financial reporting in each of its Forms 10-Q for the first three quarters of 2004 which they signed.

### B. Defendants' Submission

Lead Plaintiff, Steelworkers Pension Trust, individually and on behalf of a class of purchasers of common stock of Veeco Instruments Inc. ("Veeco") between April 26, 2004 and February 10, 2005 (collectively, the "Class," or "Plaintiffs"), asserts claims under: (i) Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78j(b)) and Rule 10b-5 of the Securities and Exchange Commission ("Rule 10b-5"); and (ii) Section 20(a) of the Securities

Exchange Act of 1934 (15 U.S.C.A. § 78(t)), against Veeco and three of its officers (the "Individual Defendants"), Edward H. Braun, John F. Rein, Jr., and John P. Kiernan (collectively, the "Defendants").

Plaintiffs allege that during the Class Period, Defendants made certain materially false or misleading statements or omissions relating to the financial results of Veeco's TurboDisc division for the first three quarters of 2004. Plaintiffs allege that Defendants knew, or acted recklessly with respect to, the incorrectness of these statements or omissions at the time they were made. Plaintiffs allege that these material misstatements and omissions, once corrected publicly, caused a decline in the value of their investment in Veeco securities, and damaged Lead Plaintiff and members of the Class. Plaintiffs also allege that the Individual Defendants had the power to influence and control and did influence or control, directly or indirectly, the decision-making of Veeco, including the content and dissemination of the various statements which Plaintiffs contend are false and misleading, and should thus be held liable under Section 20(a) of the Securities Exchange Act of 1934 as control persons for Veeco's alleged primary violations of Section 10(b). Defendants contest each of these allegations. The Individual Defendants also assert as an affirmative defense with respect to Plaintiffs' Section 20(a) claims that, even if a primary violation of Section 10(b) occurred (which Defendants contend it did not), the Individual Defendants acted in good faith and did not directly or indirectly induce the act or acts constituting the violation.

## II.    JURY/NON-JURY

Plaintiffs have requested a jury trial of this action, and Defendants do not oppose this request. Plaintiffs expect the trial to be four weeks, and Defendants expect the trial to last approximately two to three weeks, or up to 15 trial days.

### III. STIPULATED FACTS

The parties stipulate to the following facts:

1. The class was certified as all persons who purchased the securities of Veeco Instruments, Inc., during the period from April 26, 2004 through February 10, 2005 inclusive (the "Class Period"), and were damaged as a result thereof and the Steelworkers Pension Trust was certified as class representative by Order of the Court dated March 21, 2006.

2. During the Class Period, Veeco was a publicly traded company on NASDAQ Exchange.

3. During the Class Period, Defendant Braun was the chief executive officer of Veeco, Defendant Rein was the chief financial officer of Veeco and Defendant Kiernan was the corporate controller of Veeco

4. On November 3, 2003, Veeco acquired the net assets of the TurboDisc division of Emcore Corp. ("Emcore") for approximately $61.5 million in cash plus a two year earn-out feature which included up to an additional $20 million if future revenue targets were achieved.

5. Upon its acquisition, TurboDisc became a business unit of Veeco and its financial results were included in Veeco's consolidated financial performance in Veeco's SEC Form 10-K filing for the periods ended December 31, 2003 and December 31, 2004, as well as in Veeco's Quarterly Filings.

6. Bruce Huff's employment at Veeco's TurboDisc division commenced on November 3, 2003.

7. Veeco issued a press release on April 24, 2004 announcing its first quarter 2004 results.

8. Veeco filed its Q1 2004 10-Q on May 3, 2004.

9. Veeco issued a press release on July 26, 2004 announcing its financial results for the second quarter and six months ended June 30, 2004. Veeco also held an investor conference call on this day, during which Veeco's financial results and operations were discussed.

10. Veeco filed its Q2 2004 10-Q on August 3, 2004.

11. Veeco issued a press release on October 12, 2004.

12. Veeco issued a press release on October 25, 2004 announcing its third quarter 2004 results.

13. Veeco filed its Q3 2004 10-Q on November 9, 2004.

14. On March 16, 2005, Veeco filed its 2004 10-K, which included restated financial results for the first, second, and third quarters of 2004.

15. On April 1, 2005, Veeco restated its previously reported quarterly financial information for the first three quarters of 2004 that was contained in its Forms 10-Q for the quarterly periods ended March 31, 2004, June 30, 2004, and September 30, 2004, by filing a "Form 10-Q/A (Amended Quarterly Report)" for each of those three periods.

## IV. PARTIES' CONTENTIONS

### A. Plaintiffs' Contentions

[EXHIBIT A TO THE PRETRIAL ORDER – TO BE SUBMITTED SEPARATELY BY PLAINTIFFS]

### B. Defendants' Contentions

[EXHIBIT B TO THE PRETRIAL ORDER – TO BE SUBMITTED SEPARATELY BY DEFENDANTS]

## V. ISSUES TO BE TRIED

After conferring, the parties have been unable to agree upon a joint statement of the issues to be tried. The following are each party's submissions in this regard:

### A. Plaintiffs' Submission

1. Whether any of the Defendants violated Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

2. Whether the means and instrumentalities of interstate commerce were used during some phase of the purchase or sale of securities to the Plaintiffs.

3. Whether the market for Veeco securities was an efficient market and, therefore, whether Plaintiffs' reliance on Defendants' misrepresentation and/or omissions may be presumed.

4.   Whether, in connection with the purchase or sale of Veeco securities, any Defendant made an untrue statement of a material fact or failed to state a material fact that was necessary to prevent the statements that were made from being misleading under the circumstances.

5.   Whether, in connection with the purchase or sale of Veeco securities, any Defendant had a duty to correct an untrue statement of a material fact or prior omission of a material fact that was necessary to prevent statements that were made from being misleading, and, if so, whether each Defendant failed to make such correction.

6.   Whether any of the Defendants acted with the necessary knowledge or recklessness with respect to each such misrepresentation or omission or with respect to the failure to correct such misrepresentation or omission.

7.   Whether, and if so, at what point in time, any of the Defendants acted with knowledge or recklessness in failing to disclose publicly that the financial statements issued by Veeco for each of the first three quarters of 2004 could no longer be relied upon.

8.   Whether either or both of Defendants Braun and Rein signed and issued Sarbanes-Oxley certifications concerning Veeco's financial statements and other financial information, its disclosure controls and procedures and its internal control over financial reporting in each of the Company's Forms 10-Q for the first three quarters of 2004 that were materially false and misleading.

9.   Whether either or both of Defendants Braun and Rein acted with knowledge or recklessness in signing and issuing, and/or failing to correct, Sarbanes-Oxley certifications concerning Veeco's financial statements and other financial information, its disclosure controls

and procedures and its internal control over financial reporting in each of the Company's forms 10-Q for the first three quarters of 2004.

10. Whether, and at what point in time, any on the Defendants knew or reckless disregarded of significant internal control deficiencies at TurboDisc and whether any of the Defendants failed to take corrective action in a timely manner.

11. Whether any of the Defendants made false and misleading disclosures in the Management's Discussion and Analysis ("MD&A") sections Veeco's Forms 10-Q for the first three quarters of 2004.

12. Whether Defendants' representations that the financial results reported in Veeco's Forms 10-Q for each of the first three quarters of 2004 represented Veeco's results for time periods constituting calendar quarters were materially misleading and caused injury to the Plaintiffs.

13. Whether any of the Defendants acted knowingly or recklessly in representing that the financial results reported in Veeco's Forms 10-Q for each of the first three quarters of 2004 represented Veeco's results for time periods constituting calendar quarters.

14. Whether, any of the Individual Defendants are secondarily liable as "controlling persons" under Section 20(a).

15. Whether, if any of the Defendants are found liable on any of Plaintiffs claims, Plaintiffs are entitled to damages, and if so, in what amount.

### B.  Defendants' Submission

1. Whether each of the Defendants violated Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. Specifically:

(i) whether, in connection with the purchase or sale of Veeco securities, each Defendant made an untrue statement of a material fact or failed to state a material fact that was necessary to prevent the statements that were made from being misleading under the circumstances;

(ii) whether each Defendant acted with the necessary scienter with respect to each such misrepresentation(s) or omission(s);

(iii) whether Plaintiffs justifiably relied on each such misrepresentation(s) or omission(s);

(iv) whether each Defendant used an instrumentality of interstate commerce in connection with the purchase or sale of securities to Plaintiffs; and

(v) whether Plaintiffs suffered damages that were directly and proximately caused by each such misrepresentation(s) or omission(s).

2. Whether, if Veeco is found liable for a primary violation of Section 10(b), each of the Individual Defendants are secondarily liable as "controlling persons" under Section 20(a). Specifically:

(i) whether each of the Individual Defendants controlled, directly or indirectly, the decision-making of Veeco, including the content and dissemination of the various statements which Plaintiffs contend are false and misleading;

(ii) whether each of the Individual Defendants culpably participated in the primary violation, either through intentional action, or deliberate inaction done intentionally to further the fraud; and

(iii) whether each of the Individual Defendants acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

3. Whether, if Plaintiffs successfully prove liability with respect to any Defendant on either of Plaintiffs' claims, Plaintiffs are entitled to damages, and if so, in what amount.

## VI. PLAINTIFFS' EXHIBITS

[EXHIBIT C TO THE PRETRIAL ORDER – SUBMITTED BY PLAINTIFFS]

## VII. DEFENDANTS' EXHIBITS

[EXHIBIT D TO THE PRETRIAL ORDER – SUBMITTED BY DEFENDANTS]

## VIII. STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

A. **Stipulations**

The parties have made no stipulations with respect to exhibits.

B. **Objections**

1. **Plaintiffs' Objections**

[EXHIBIT E TO THE PRETRIAL ORDER – SUBMITTED BY PLAINTIFFS]

2. **Defendants' Objections**

[EXHIBIT F TO THE PRETRIAL ORDER – SUBMITTED BY DEFENDANTS]

## IX. PLAINTIFFS' WITNESS LIST

1. **Plaintiffs' Witness List**

[EXHIBIT G TO THE PRETRIAL ORDER – SUBMITTED BY PLAINTIFFS]

2. **Plaintiffs' Deposition Designations**

[EXHIBIT H TO THE PRETRIAL ORDER – SUBMITTED BY PLAINTIFFS]

3. **Defendants' Objections and Counterdesignations to Plaintiffs' Deposition Designations**

[EXHIBIT I TO THE PRETRIAL ORDER – SUBMITTED BY DEFENDANTS]

## X. DEFENDANTS' WITNESS LIST

1. **Defendants' Witness List**

[EXHIBIT J TO THE PRETRIAL ORDER – SUBMITTED BY DEFENDANTS]

2. **Defendants' Deposition Designations**

[EXHIBIT K TO THE PRETRIAL ORDER – SUBMITTED BY DEFENDANTS]

3. **Plaintiffs' Objections and Counterdesignations to Defendants' Deposition Designations**

[EXHIBIT L TO THE PRETRIAL ORDER – SUBMITTED BY PLAINTIFFS]

## XI. RELIEF SOUGHT

[EXHIBIT M TO THE PRETRIAL ORDER – SUBMITTED BY PLAINTIFFS]

Dated: June 6, 2007
New York, NY

| | |
|---|---|
| **BERGER & MONTAGUE, P.C.** | **GIBSON, DUNN & CRUTCHER LLP** |
| _(signed)_ Carole Broderick | _(signed)_ Ross Wallin |
| Carole Broderick, Esq. | Robert F. Serio, Esq. |
| Arthur Stock, Esq. | John A. Herfort, Esq. |
| | J. Ross Wallin, Esq. |
| 1622 Locust Street | 200 Park Avenue, 47th Floor |
| Philadelphia, PA 19103 | New York, New York 10166 |
| *Attorneys for Lead Plaintiff* | *Attorneys for Defendants* |

**IT IS SO ORDERED:**

Dated: _____, 2007

_____
Honorable Colleen McMahon
United States District Court Judge

100238411_2.DOC